IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HAROLD BOSIER** | § | |
| | § | |
| **v.** | § | **A-07-CA-888 LY** |
| | § | |
| **GILA GROUP AND MUNICIPAL** | § | |
| **SERVICES BUREAU** | § | |

## ORDER

Before the Court are Gila Corporation's Motion to Dismiss Plaintiff's Original Complaint and Third Amended Original Petition (Clerk's Doc. No. 25), Gila Corporation's Motion to Dismiss Plaintiff's Fourth Amended Original Petition, (Clerk's Doc. No. 34), and Plaintiff's Response (Clerk's Doc. No. 35). On July 18, 2008, this case was transferred to the undersigned's docket based on the parties' consent to trial before a United States Magistrate Judge.

## BACKGROUND

Harold Bosier, who is proceeding *pro se*, originally filed this suit in state court against Gila Group and Municipal Services Bureau,[1] alleging claims under Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Whistleblower Protection Act of 1989. The suit was removed to federal court on October 23, 2007. Bosier filed his "Second Amended Original Petition" on November 27, 2007. In that document, Bosier alleged two common law claims – fraud and breach of contract. On December 17, 2007, Gila filed a motion to dismiss the claims in that pleading, and argued that by filing the amended petition, Bosier had abandoned all of the federal claims in his original petition. On January 14, 2008, the undersigned

---

[1] Gila Corporation is the real party in interest, and does business under the names "Gila Group" and "Municipal Services Bureau." The Court will refer to the Defendants jointly as "Gila."

recommended that the Second Amended Original Petition be construed as a supplemental complaint rather than an amended complaint, because it was unclear that Bosier intended to abandon all of his federal claims in filing the amended petition.  Thus, it was recommended that the motion be denied as to the federal claims (which were not addressed by Gila's motion), and granted as to the fraud and breach of contract claims (as to which the undersigned found the motion meritorious).  On March 7, 2008, Judge Yeakel adopted this recommendation, and dismissed the fraud and contract claims, but retained the remaining federal law claims.

Days before the Report and Recommendation was filed, Bosier filed his Third Amended Original Petition, in which he purports to (1) complain pursuant to the Civil Rights Act of 1991, of Gila's collection practices Bosier contends harassed the public; and (2) allege a claim of "intentional discrimination," in which he makes reference to 42 U.S.C. § 1981 and the ADA.  Clerk's Doc. No. 13 (filed January 11, 2008).  On February 28, 2008, Gila filed a motion seeking to dismiss both the claims in the original petition, as well as those in the Third Amended Petition.  About two and a half weeks later, on March 17, 2008, while the motion to dismiss was still pending, Bosier filed his Fourth Amended Original Petition.  In that pleading, Bosier alleges claims of (1) "severe harassment" in violation of § 1981 and Title VII; (2) defamation of character; (3) slander; (4) "implication of fraud;" (5) intentional discrimination; (6) breach of implied contract; and (7) a claim pursuant to the "public policy exception."  On April 7, 2008, Gila filed its motion seeking the dismissal of the Fourth Amended Original Petition.

**ANALYSIS**

**A.     Standard of Review**

A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982). In reviewing a motion to dismiss, the Court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As Professors Wright and Miller have put it, the question "is whether in the light most favorable to the plaintiff and with every doubt resolved in the pleader's behalf, the complaint states any legally cognizable claim for relief." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 640 (3d ed.2004). To avoid dismissal, however, the plaintiff must plead specific facts. As the Fifth Circuit has noted, it will "not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

**B.     Bosier's Claims**

Needless to say, Bosier's pleadings are less than well organized. As noted earlier, the Court construed the Second Amended Original Petition as supplementing the original petition. Notwithstanding that the Court explained in this order the difference between supplementing and amending a complaint, in filing his Third and Fourth Amended Original Petitions, Bosier failed to state whether he intended those pleadings to amend (*i.e.* supercede) his previous pleadings, or to merely supplement them. When reviewing a *pro se* plaintiff's complaint, the court must construe the

3

allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, Bosier's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Thus, while the Court will construe Bosier's pleadings liberally, in doing so the Court will remain cognizant of the fact that Bosier still must meet basic pleading requirements of federal law, and comply with the Federal Rules of Civil Procedure.

Giving Bosier the benefit of the doubt, and construing his pleadings as not waiving any claim made in an earlier pleading, the Court concludes that Bosier has the remaining causes of action as live claims:

- Title VII / § 1981 (appears to complain of hostile work environment and racial discrimination)
- ADEA
- ADA
- Whistleblower Act
- § 1981 - harassing the public
- Intentional discrimination
- Slander
- Defamation
- Implication of fraud
- Breach of implied contract
- "Public Policy exception"

Combined, Gila's two motions to dismiss seek the dismissal of all of these claims.

**C.  Claims under the federal employment statutes**

As noted, Bosier brings claims pursuant to Title VII, the ADEA, and the ADA. Under each of these statutes, a plaintiff is required to file an administrative complaint of discrimination prior to filing suit. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); *Dao v. Auchan*

4

*Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (holding that Title VII's administrative requirements apply to ADA claims). The plaintiff is required to file any suit within 90 days of receiving a notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Bosier's pleadings indicate that he filed two complaints with the EEOC. Exhibit to Original Petition (Clerk's Doc. No. 1) (notice of right to sue); Attachment to Motion to Retain Case (Clerk's Doc. No. 4) (notice of right to sue); *see also* Exhs. A & B to Gila's Motion to Dismiss Fourth Amended Original Petition (charges of discrimination).[2] Bosier was issued a right to sue letter on the first charge on September 22, 2005, and on the second charge on May 16, 2006. *Id.* Thus, Bosier was required to file suit in federal court on these charges by approximately December 21, 2005, and August 14, 2006, respectively. This suit was first filed in state court on September 24, 2007, more than a year after the latest of these dates. While failure to file within the required period is not a jurisdictional defect, it is a proper basis for dismissal if there is no equitable basis to toll the statutory period. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

The only equitable argument Bosier makes to forestall dismissal is his contention that he was misled into thinking he had until December 29, 2007, to file suit:

> In Exhibit 5a the EEOC gives partial information in regards the right to sue statue [sic] of limitations. The document gives a 12-29-2007 date, and it wasn't until I spoke to a University of Texas Professor that I found out differently.

---

[2]The Court may rely on these documents in resolving this Rule 12(b)(6) motion, as they were referred to in, and attached to, Bosier's pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Further, matters that are attached to a motion to dismiss may be considered if they are "central to" the plaintiff's claim. *Id.* Thus, the Court may properly consider both the notices of right to sue, attached to Bosier's pleadings, and the charges of discrimination, attached to Gila's motion to dismiss.

Response at 3 (Clerk's Doc. No. 35). Exhibit 5a is an acknowledgment form on the letterhead of the City of Austin, Equal Employment/Fair Housing Office. The document informs Bosier that "[a]lthough your charge was filed under Title VII (EEOC), this is to advise you of your right to pursue a lawsuit in State Court under the Texas Commission on Human Rights Act." *Id.* It goes on to state that the statute of limitations for that state law claim is two years, and suit must therefore be filed by December 29, 2007. *Id.*

This form is insufficient to support an equitable tolling argument. First, the notice clearly states that it applies to state law claims, not the federal claims at issue here. More importantly, both of the right to sue letters very plainly informed Bosier he had 90 days to file his suit:

> Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit on a state claim may be different.)

Exhibit to Original Petition (Clerk's Doc. No. 1); Attachment to Motion to Retain Case (Clerk's Doc. No. 4) (all emphasis in originals). This statement follow immediately after a heading titled "**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act**." Thus, Bosier was plainly put on notice that to preserve his federal employment claims he had to file suit within 90 days of his receipt of the September 22, 2005 notice, and that claims under state law might have different time limits. Accordingly, nothing about the notice from the City of Austin should have misled Bosier, nor would it support the equitable tolling of the 90 day statute. Given that Bosier's own pleadings demonstrate that he failed to file suit within 90 days of receiving a right to sue letter, all of Bosier's federal statutory employment discrimination claims are time barred, and must be dismissed.[3]

---

[3]Further, as Gila notes, neither of the two charges of discrimination mention any claim of age-based discrimination. Thus, the ADEA claim is also barred due to Bosier's failure to exhaust

**D.     Whistleblower Act**

In his original petition, Bosier brings a claim under the Whistleblower Protection Act of 1989. That statute, however, has no application to private employers such as Gila, 5 U.S.C. § 2302(a)(2), nor does Bosier allege that Gila is somehow covered by this, or any other whistleblower protection act. This claim must therefore be dismissed.

**E.     Section 1981**

Section 1981 of Title 42 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Although Bosier purports to bring a claim pursuant to this statute, he wholly fails to plead any facts which would support such a claim. Rather, he alleges that the Justice Department should initiate suit against Gila because Gila is "harassing the public by promoting policies and procedures that focus on outgoing calls with no regards to allowing the calls to [be] returned in a professional manner. . . ." Third Amended Petition at 3 (Clerk's Doc. No. 13). This does not state the elements of a § 1981 impairment to contract claim, and must be dismissed.

**F.     Intentional Discrimination**

It is not entirely clear, but it appears that with this claim Bosier is seeking to pursue a common law claim of employment discrimination. There is, however, no such common law claim. (As already noted, Bosier's statutory discrimination claims are barred by his failure to file suit in the required time period.) This cause of action therefore fails to state a claim.

---

his administrative remedies on this claim.

**G.     Slander and Defamation**

In the Fourth Amended Original Petition, Bosier contends that Gila defamed and slandered him when it made statements to the EEOC in response to Bosier's charges of discrimination. Clerk's Doc. No. 33 at ¶ IV. Under Texas law, the statute of limitations for both slander and defamation is one year. TEX. CIV. P. & REM. CODE § 16.002(a). As noted earlier, the EEOC issued the latest of its right to sue letters on May 16, 2006. Attachment to Motion to Retain Case (Clerk's Doc. No. 4). Any statements by Gila to the EEOC as part of its investigation must have taken place before this date. Thus, the pleadings demonstrate that the latest possible date the slander and defamation claims could have accrued is May 16, 2006. Bosier was therefore required to file these claims by May 16, 2007, at the latest. This suit was not filed until September 24, 2007, and the libel and defamation claims were not added until the latest amended pleading (the Fourth Amended Original Petition), on March 17, 2008. Accordingly, the slander and defamation claims are barred by the statute of limitations.

**H.     Implication of Fraud**

The Court is unaware of any claim for "implication of fraud," and this does not appear to be a recognized cause of action. Further, the Court previously dismissed Bosier's common law fraud claim. At best, it appears that Bosier may have used the phrase "implication of fraud" to refer to his slander and defamation causes of action. Regardless, because this is not a cause of action recognized by any common law doctrine or statute, dismissal is appropriate.

**I.     Breach of Implied Contract of Employment**

In this claim Bosier contends that he had an implied contract with Gila. The relevant language of the petition is:

8

> Plaintiff Charges the defendants with breach of an implied contract of employment as in the case Foley v. Interactive Data Corp, where the employee was dismissed from his job at the bank for reporting the bank's vice-president that his immediate supervisor was being investigated for embezzlement of funds. It was successfully argued that an implied contract was promised on oral assurances given to him by the employer that his job was secure as long as his performance was adequate. I, Plaintiff, Harold Bosier was also dismissed from my job for reporting that my manager was discriminating and harassing me because of my disability that a reasonable accommodation had been previously approved. The company speaker at every quarterly meeting advised of an open door policy, but David Clune the presiding Floor Manager of Gila Corporations Collection Area did not abide by the open door policy. (Exhibit III)[4]

Fourth Amended Original Petition at VI (Clerk's Doc. No. 33). Although it is far from clear, it appears that Plaintiff is contending that he had a contract of employment with Gila, implied by some unstated conduct. The Court has already addressed – and dismissed – Bosier's breach of an express contract claim, finding that Bosier had failed to plead the basic elements of a claim for breach of an employment contract. The case Bosier refers to in this claim, *Foley v. Interactive Data Corp.*, 47 Cal.3d.654 (Cal. 1998), sets out the law of California on an implied employment contract. This case, of course, is governed by Texas law. Texas law provides that an employee works at-will unless there is a specific contract to the contrary. *Montgomery Cty. Hosp. Dist. V. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Bosier's pleadings fail to allege the existence of any agreement, implied or otherwise, that Bosier could only be terminated for cause, or anything of the sort. Indeed, all Bosier alleges is that a supervisor failed to have an "open door" policy encouraged by Gila. This is far less than what is required to plead this cause of action, and thus it fails to state a claim.

---

[4]It is not clear to the Court why Bosier refers to Exhibit III here. That document appears to be a description of Municipal Services Bureau and the services it offers its clients. There does not appear to be any connection between it and Bosier's implied contract claim.

**J.     "Public Policy Exception"**

Finally, Bosier's last claim contends that Gila be held "accountable for the Public-policy exception which protects the rights of employees for refusing to break the law at the request of the employer." Fourth Amended Original Petition at VII. Although Bosier once again cites a California case to support his claim, the Court agrees with Gila that this claim should be construed as attempting to state a claim under *Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), which provides Texas employees with a common law wrongful discharge claim if fired for refusing to commit an illegal act. The shortcoming of this claim is that Bosier fails to allege that he was instructed to perform an illegal act. Rather, he contends that he was ordered to engage in practices that he believes harassed the public by requiring the employees to focus on outgoing calls, as opposed to incoming (return) calls. This falls well short of the facts necessary to make out a *Sabine Pilot* cause of action, and fails to state a claim.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff has failed to state any claims on which relief may be granted, and thus that Gila's Motions to Dismiss (Clerk's Doc. Nos. 25 & 34) are GRANTED and this case is DISMISSED pursuant to FED. R. CIV. P. 12(b)(6).

This is a final order disposing of this case. All other pending motions are denied as moot, and the Clerk is directed to CLOSE this case.

SIGNED this 12th day of September, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE